IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HENRY HARFORD, JR.,[1] | § | |
| | § | No. 219, 2017 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | File No. CN15-02250 |
| RACHEL GIBBONS and JENNIFER | § | Pet. Nos. 15-0849, 15-24408 |
| ECKER, | § | |
| | § | |
| Petitioners/Respondents Below, | § | |
| Appellees. | § | |

Submitted: October 9, 2017
Decided: November 6, 2017

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## ORDER

This 6th day of November 2017, it appears to the Court that:

(1) The appellant, Henry Harford, Jr., filed this appeal from the Family Court decision of April 28, 2017, dismissing a petition for guardianship and a petition to rescind guardianship of Harford's son. Harford is incarcerated at a correctional facility in Pennsylvania.

(2) In August 2017, after Harford failed to pay the fee charged by the Family Court for preparing and filing the record on appeal, the Clerk issued a notice to show cause under Supreme Court Rule 29(b). The notice to show cause directed

---

[1] The Court assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Harford to pay the record preparation fee or to obtain a waiver of the fee from the Family Court. The notice advised Harford that his failure to pay the fee or to obtain a waiver of the fee would result in the dismissal of the appeal.

(3) Harford filed a response to the notice to show cause. He stated that he was unfamiliar with the Court's procedures and requested an extension of time to obtain a waiver of the record preparation fee. The Clerk sent Harford a copy of "A Citizen's Guide" to filing an appeal and granted him an extension of time to obtain the waiver.

(4) In September 2017, Harford submitted a request for a waiver of the fee to the Family Court. The request was returned to Harford with a notice of deficiency, however, because the request was neither served on the opposing parties nor notarized, as required by the Family Court's rules. The notice of deficiency instructed Harford to correct the deficiencies and to resubmit the request to the Family Court. Upon learning that the Family Court had returned Harford's waiver request as deficient, the Clerk granted Harford an extension of time to correct the deficiencies and resubmit the request.

(5) Harford did not resubmit his waiver request to the Family Court. Instead, he filed a letter advising the Clerk that he was withdrawing the appeal.

(6)     An appeal is heard on the trial court's "original papers and exhibits."[2] An appellant's claims on appeal cannot be considered unless the trial court record—"the record on appeal"— is prepared and filed with the Court.[3]  As the party bringing the appeal, the appellant is responsible for paying or obtaining a waiver of the trial court's fee for preparing and filing the record on appeal.[4]

(7)     To ensure that appeals are prosecuted diligently, Supreme Court Rule 9(aa) provides for the dismissal of an appeal when an appellant fails to pay or obtain a waiver of the fee associated with preparing and filing the record on appeal.[5]  As this case illustrates, however, the Court's practice is to grant additional time to *pro se* appellants to comply with the Rule requiring payment or waiver of the fee.

(8)     In this case, despite having received extensions of time to do so, Harford neither paid the record preparation fee nor resubmitted his request for a waiver of the fee to the Family Court.  Because Harford failed to diligently prosecute the appeal, his appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED under Rules 9(aa) and 29(b).

BY THE COURT:

/s/ *Gary F. Traynor*
Justice

---

[2] Del. Supr. Ct. R. 9(a).
[3] *Id.*
[4] *Id.* R. 9(aa).
[5] *Id.*

3